```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

JAMES                                      CIVIL ACTION

VERSUS                                     NO: 13-2533

WINN-DIXIE MONTGOMERY, LLC.                SECTION: "J" (2)
```

**ORDER**

Before the Court is Plaintiff Adeline James' **Unopposed Motion to Remand (Rec. Doc. 6)**. In her motion, Plaintiff requests that the Court remand her suit to the Civil District Court for the Parish of Orleans, stating that this Court lacks subject matter jurisdiction. Plaintiff explains that her case was removed based on diversity jurisdiction; however, she asserts that the requisite amount in controversy, more than $75,000, is not met. In support, Plaintiff has included her medical records, which demonstrate that she has received minimal treatment for her injury and that none of her treatment has been invasive. Furthermore, she also submits a stipulation which states that her claim does not exceed $50,000.

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving that federal jurisdiction exists at the time of removal. De Aquilar, 47 F.3d at 1412. Because federalism concerns are inherent in the removal of a case from the state court system, the removal statute is strictly construed, and any doubt as to the

propriety of removal must be resolved in favor of remand. <u>Manguno v. Prudential Prop. and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).

When a case is removed on the basis of diversity jurisdiction, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the minimal jurisdictional amount of $75,000. <u>Simon v. Wal-Mart Stores, Inc</u>. 193 F.3d 848, 850 (5th Cir. 1999). This showing may be made by either (1) demonstrating that it is facially apparent from the state court petition that the claim is likely to exceed $75,000, or (2) by setting forth "summary judgment type evidence" of facts in controversy that support a finding that the jurisdictional amount is met. <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999). The court determines whether it has jurisdiction by evaluating the allegations in the state court petition as they exist at the time of removal. <u>Gebbia v. Wal-Mart Stores, Inc.</u>, 233 F.3d 880, 883 (5th Cir. 2000). However, if the state court petition is ambiguous as to whether the jurisdictional amount is met, the court may consider a post-removal affidavit that clarifies the original complaint. <u>Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia</u>, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by* <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.3d 211 (5th Cir. 1998).

In the instant case, the evidence presented by Plaintiff as

well as the lack of opposition from the Defendant indicate that the requisite amount in controversy for diversity jurisdiction has not been met. As such, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims. Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter be **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 12th day of June, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE